12-4032
Myers v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Anthony E. Myers,

> *Plaintiff-Appellant*,

> v.                                                                                    12-4032

The City of New York, Warden Evelyn Maribal, and Michael Bloomberg,

> *Defendants-Appellees.*

_____


FOR APPELLANT:          Anthony E. Myers, *pro se*, Brooklyn, New York

FOR APPELLEES:          Dona B. Morris (Pamela Seider Dolgow and Jeffrey Scott
                        Dantowitz, *on the brief*) *for* Michael A. Cardozo, Corporation
                        Counsel of the City of New York, New York, New York

Appeal from a judgment of the United States District Court for the Southern District of

New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony E. Myers appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this rule is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (emphasis omitted).

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Myers's § 1983 complaint for failure to state a claim for substantially the same reasons articulated by the district court judge in his well-reasoned opinion and order dismissing the complaint. To the extent Myers claims on appeal that the district court should not have vacated the entry of default judgment against Mayor Michael Bloomberg, he is

incorrect because, at the time the defendants made their motion to dismiss, they were not yet aware that Mayor Bloomberg had been properly served. In any event, the defendants' motion to dismiss noted that Myers's claims against Mayor Bloomberg could also be appropriately dismissed on the merits, and the district court granted the defendants' request to deem the motion made on Mayor Bloomberg's behalf.

District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.* (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, Myers admitted that he did not properly exhaust his administrative remedies prior to bringing suit, and thus granting him leave to amend would be futile.[1]

We have considered Myers's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                             FOR THE COURT:
                                             Catherine O'Hagan Wolfe, Clerk

---

[1]Because Myers did not exhaust his administrative remedies before bringing suit, we need not consider whether his complaint alleges that the individual defendants were personally involved in any of the alleged constitutional violations or whether the City of New York could be liable under *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978).